IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,   Plaintiff, | )<br>)<br>) | |
| v. | )<br>)<br>) | CRIMINAL ACTION 1:20-00153-KD-B |
| MELISSA TOUCHSTONE,   Defendant. | )<br>) | |

**ORDER**

This matter is before the Court on Defendant Melissa Touchstone's motion for transport (as amended) and letters (Docs. 89, 91, 98, 99), which the Court construes (collectively) as a motion for release from custody pending sentencing, to be released to The Lovelady Center.[1]

On November 23, 2020, Defendant Touchstone was indicted for conspiracy to possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count One); and attempt to possess with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Two). (Doc. 1). On December 8, 2020, upon review of the Government's motion to detain per 18 U.S.C. § 3142(f)(2), Defendant Touchstone was ordered detained pending trial. (Docs. 17, 18). In so ruling, the Court found that Defendant Touchstone did not introduce sufficient evidence to rebut the presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will reasonably assure her appearance as required and the safety of the community because there is probable cause to believe that she committed one of more of the following offenses: "an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances

---

[1] Per Defendant Touchstone, The Lovelady Center has prepared a bed for her and that she has been accepted to the 9-12 month program. (Doc. 89 at 1; Doc. 89-1).

Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508)[.]" (Doc. 19 at 2).

On February 25, 2021, Defendant Touchstone filed a motion to be released from custody pending trial, asserting that she had obtained employment contingent upon her release and that she was not a flight risk because she had strong family support in the area. (Doc. 49). On March 3, 2021, the Court denied her motion, stating as follows:

> The Court conducted a detention hearing (Doc. 16) and after granted the Government's Motion to Detain (Doc. 17) and ordered Touchstone detained pending trial (Doc. 19) by operation of the presumption in favor of detention and Defendant's inability to overcome that presumption. Counsel for Touchstone cited her employment in favor of a release argument at the detention hearing. The present Motion does not show any new information which would have a material bearing on the issues. 18 U.S.C. 3142(f). Defendant will remain detained and in the custody of the USMS pending trial.

(Doc. 51). On March 23, 2021, Defendant Touchstone entered a guilty plea as to Count One, conspiracy to possess with intent to distribute methamphetamine. (Docs. 59, 63, 64). On May 11, 2021, the Report and Recommendation on Defendant Touchstone's guilty plea was accepted and adopted. (Doc. 75). Defendant Touchstone is currently detained pending sentencing, which is set for February 4, 2022. (Doc. 97). Given the foregoing, Defendant Touchstone has been convicted of the offense -- Count One of the indictment, conspiracy to possess with intent to distribute methamphetamine -- "an offense for which a maximum term of imprisonment of 10 years or more is prescribed[.]" (Doc. 19 at 2).

Defendant Touchstone -- who is currently detained -- presently seeks to be released from her incarceration in Baldwin County Jail (where she awaits pending her February 2022 sentencing) to The LoveLady Center, to participate in a 9-12 month faith based rehabilitation program. Per Defendant Touchstone, she was accepted into the Center's program on September 20, 2021, the next intake day is November 3, 2021, and her family has already paid the $500 fee for her bed. While not specifically stated, it appears that Defendant Touchstone is asserting that her acceptance into The Lovelady Center Program constitutes exceptional circumstances to avoid the mandatory detention requirement pending sentencing.

The applicable statute to Touchstone -- the statute governing a defendant's detention pending sentencing, who has been found guilty -- is 18 U.S.C. § 3143. Section 3143(a)(1) provides:

> (a) Release or detention pending sentence.--**(1)** Except as provided in paragraph (2), the judicial officer **shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence**, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, **be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).** If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)....

18 U.S.C. § 3143(a)(1) (emphasis added). As such, the presumption of detention applies, unless the judicial officer finds by "clear and convincing evidence" that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or section 3142(c). However, "[i]f the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)[,]" and that presumption is rebutted. Additionally, Section 3143(a)(2) provides:

> **(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless**--
>
> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C.A. § 3143(a)(1) (emphasis added).

Defendant Touchstone has been convicted of an offense described in 18 U.S.C. § 3142(f)(1)(C).[2] Defendant Touchstone's detention is mandatory because neither (A) nor (B) circumstances exist. However, for a defendant such as Touchstone -- whose detention has become mandatory because neither

---

[2] "(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . ."

3

(A) nor (B) circumstances exist, the Court refers to 18 U.S.C. § 3143(c) -- Review and appeal of a release or detention order.  Section 3143(c) provides as follows:

> **A person subject to detention pursuant to section 3143(a)(2) [mandatory pending sentencing] ..... and who meets the conditions of release set forth in section 3143(a)(1) [pending sentencing] .... may be ordered released**, under appropriate conditions, by the judicial officer, **if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.**

18 U.S.C. § 3143(c) (emphasis added, bracketed text added for clarification).

As such, Defendant Touchstone, whose detention is mandatory, may obtain release only upon a showing that: 1) there are "exceptional reasons" why her detention is not appropriate; and 2) that she can meet the conditions of release in 18 U.S.C. § 3143(a)(1) (i.e., showing the Court by "clear and convincing evidence" that she is not likely to flee or pose a danger to the safety of the community or any other person). The Court finds that Defendant Touchstone has not established exceptional reasons why her detention is not appropriate. Mere admission into a rehabilitation program, such as The LoveLady Center, is insufficient.  Additionally, Defendant Touchstone has failed to assert, much less establish, by clear and convincing evidence. that she is not likely to flee or pose a danger to the safety of the community or others. Thus, it is **ORDERED** that Defendant Touchstone is to remain in custody pending sentencing and her letters/motions (Docs. 89, 91, 98, 99) are **DENIED.**

**DONE** and **ORDERED** this the **3rd** day of **November 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**